IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| The Estate of Gina Baker, by and through its Personal Representative, Tyrone Baker, | ) ) ) **C.A. No. 8:23-02091-HMH** |
| Plaintiff, | ) ) **OPINION & ORDER** |
| vs. | ) ) ) |
| Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., Wal-Mart Store #624, and John Doe, | ) ) ) ) |
| Defendants. | ) ) |

Before the court is Plaintiff's motion to remand. For the reasons that follow, the court denies Plaintiff's motion.

**I. BACKGROUND**

This case arises out of a slip-and-fall incident that occurred on October 10, 2021, at a Wal-Mart store located in Newberry, South Carolina. According to the complaint, Gina Baker ("Baker") was walking down an aisle when she slipped on a puddle of water, causing her to fall and fracture her knee. (Not. Removal Attach. 1 (Compl. ¶ 7), ECF No. 1-1.) Baker later suffered a cardiac arrhythmia and ultimately died. (Id. Attach. 1 (Compl. ¶ 7), ECF No. 1-1.) The complaint alleges that store employees had been "aware of a cooler malfunction in the refrigerated aisle that was causing a constant leak," yet failed to remedy or warn of the condition before Baker fell. (Id. Attach. 1 (Compl. ¶ 7), ECF No. 1-1.)

On April 11, 2023, Baker's estate filed suit against Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., Wal-Mart Store #624 (collectively "Wal-Mart"), and John Doe – the

1

manager of the Newberry Wal-Mart – in South Carolina state court.  Wal-Mart removed the complaint based on diversity jurisdiction on May 16, 2023.  (Not. Removal, ECF No. 1.) Plaintiff now moves to remand, arguing that diversity jurisdiction is improper because John Doe is a South Carolina citizen.  (Mot. Remand, ECF No. 10.)

## II. Legal Standard

The federal removal statute, 28 U.S.C. § 1441(a), authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  When a plaintiff moves to remand, the removing defendant bears the burden of proving that removal was proper.  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).  Because of the "significant federalism concerns" implicated by removal, courts must "strictly construe" the removal statute and resolve all doubts in favor of remand.  Id.

## III. Discussion

Wal-Mart asserts that the court has original jurisdiction over this action under the diversity jurisdiction statute, 28 U.S.C. § 1332.  Jurisdiction is proper under § 1332(a) if (1) the amount in controversy exceeds $75,000, and (2) complete diversity of citizenship exists between all plaintiffs and all defendants.  Navy Fed. Credit Union v. Ltd. Fin. Servs., LP, 972 F.3d 344, 352 (4th Cir. 2020).  The parties do not dispute that the amount-in-controversy requirement is met or that diversity of citizenship exists between Plaintiff and Wal-Mart.[1]  Rather, the parties' disagreement centers on Defendant John Doe.

Plaintiff – having recently discovered the identity of John Doe – contends that remand is

---

[1] Plaintiff is a South Carolina citizen, and the Wal-Mart Defendants are citizens of Delaware and Arkansas.

appropriate because John Doe's presence in this case destroys complete diversity. (Mot. Remand 2-3, ECF No. 10); (Reply 2, ECF No. 23.) Wal-Mart raises two arguments in response: (1) that the court is required to ignore John Doe's citizenship under the removal statute, and (2) that even if John Doe is a nondiverse party, the court should retain subject matter jurisdiction under the fraudulent joinder doctrine.[2] (Resp. Opp'n Mot. Remand 3, 5, ECF No. 16.) The court agrees with Wal-Mart's first argument and need not address its second.

28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." This statutory language is clear and unambiguous. Thus, because the store manager was fictitiously named in the complaint, the court cannot consider Defendant John Doe's citizenship in deciding whether removal was proper. Smalls v. Wal-Mart Stores East, LP, No. 2:20-cv-1269-DCN, 2020 WL 3167616, at *2 (D.S.C. June 15, 2020) (unpublished) (disregarding citizenship of "Unknown Wal-Mart Managers" and "Unknown Wal-Mart Employee" defendants and denying remand); Kinley v. Husqvarna Consumer Outdoor Prods., N.A., Inc., No. 5:18-cv-01845-CMC, 2018 WL 4403391, at *3 (D.S.C. Sept. 17, 2018) (unpublished) ("The allegations against Defendant Doe cannot, therefore, support remand, even assuming they might be construed to allege Doe is a citizen of the same state as Plaintiff."); Waker v. Bankers Life Ins. Co., No. 7:18CV00118, 2018 WL 2347100, at *3 (W.D. Va. May 23, 2018) (unpublished) ("At this stage of the proceedings, the court is required to disregard the

---

[2] The fraudulent joinder doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

citizenship of the John Doe defendant, even if there is reason to believe that he is a citizen of Virginia.").

The store manager must be formally joined as a non-fictitious party before the court can consider whether his or her citizenship destroys complete diversity. See 16 Moore's Federal Practice § 107.52[2] (Matthew Bender 3d ed.) ("[M]erely identifying a Doe as non-diverse, without actually amending the complaint, will not affect jurisdiction."); McPhail v. Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008) (no basis for remand because plaintiff did not seek to amend complaint to substitute nondiverse defendant for Doe defendant); see also 28 U.S.C. 1447(e) (stating that a court may permit joinder and remand if, after removal, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction").  At this point, however, the court has subject matter jurisdiction over this case because the amount in controversy exceeds $75,000 and complete diversity exists between all non-fictitious parties.

It is therefore

**ORDERED** that Plaintiff's motion to remand, document number 10, is denied.

**IT IS SO ORDERED.**

/s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 18, 2023

4