IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| The Estate of Gina Baker, by and through its Personal Representative, Tyrone Baker, <br><br> Plaintiff, <br><br> vs. <br><br> Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., Wal-Mart Store #624, and John Doe, <br><br> Defendants. | C.A. No.  8:23-02091-HMH <br><br> **OPINION & ORDER** |

Before the court is Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Store #624's (collectively "Wal-Mart") partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  For the reasons below, the court grants Wal-Mart's motion.

**I. BACKGROUND**

On October 10, 2021, Gina Baker ("Baker") allegedly slipped and fell on a puddle of water while shopping at a Wal-Mart store located in Newberry, South Carolina.  (Not. Removal Attach. 1 (Compl. ¶ 7), ECF No. 1-1.)  Baker fractured her knee as a result of the fall, suffered a cardiac arrhythmia sometime thereafter, and ultimately died.  (Id. Attach. 1 (Compl. ¶ 7), ECF No. 1-1.)  According to the complaint, store employees had been "aware of a cooler malfunction in the refrigerated aisle that was causing a constant leak" yet failed to remedy or warn of the condition before Baker fell.  (Id. Attach. 1 (Compl. ¶ 7), ECF No. 1-1.)

On April 11, 2023, Baker's estate filed suit in South Carolina state court against Wal-Mart and the manager of the Newberry Wal-Mart (named in the complaint as John Doe).  Wal-Mart timely removed based on diversity jurisdiction and now moves to dismiss Plaintiff's claims

1

for negligent hiring, training, retention, and supervision under Federal Rule of Civil Procedure 12(b)(6).  (Mot. Dismiss, ECF No. 4.)  Plaintiff has responded in opposition, (Resp. Opp'n, ECF No. 9), and Wal-Mart has replied, (Reply, ECF No. 13).  This matter is now ripe for consideration.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "'[D]etailed factual allegations'" are not required, but the plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. (quoting Twombly, 550 U.S. at 555).  In reviewing the complaint, the court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party."  Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018).

## III. Discussion

The complaint generally alleges that Wal-Mart owed Plaintiff a duty "not to negligently hire, supervise, and retain employees," that Wal-Mart knew that John Doe was "[in]capable of complying with local, state, and federal laws," and that Wal-Mart breached its duty to Plaintiff by "fail[ing] to properly supervise and train Defendant John Doe."  (Not. Removal Attach. 1 (Compl. ¶¶ 22-24), ECF No. 1-1.)  The court agrees with Wal-Mart that these allegations are

insufficient to state a plausible claim for negligent hiring, retention, training, or supervision under Rule 12(b)(6).

### A. Negligent Supervision/Training

Under South Carolina law,

> [a]n employer may be liable for negligent supervision when (1) his employee intentionally harms another when he is on the employer's premises, is on premises he is privileged to enter only as employee, or is using the employer's chattel; (2) the employer knows or has reason to know he has the ability to control the employee; and (3) the employer knows or has reason to know of the necessity and opportunity to exercise such control.

Doe v. Bishop of Charleston, 754 S.E.2d 494, 500 (S.C. 2014) (citing Degenhart v. Knights of Columbus, 420 S.E.2d 495, 496 (S.C. 1992)); see also Restatement (Second) of Torts § 317 (Am. Law Inst. 1965). Plaintiff's negligent supervision claim[1] fails for multiple reasons.

To start, Plaintiff's complaint alleges no facts to suggest that Wal-Mart knew or should have known that the still-unidentified store manager posed a danger to customers. See Hamilton v. Charleston Cnty. Sheriff's Dep't, 731 S.E.2d 727, 730 (S.C. Ct. App. 2012) (affirming directed verdict on a negligent supervision claim where "there [was] no evidence the Department knew or should have known of the necessity to exercise additional supervision of [an officer] to prevent him from harming [the plaintiff]"); Doe v. Octapharma Plasma, Inc., No. 3:15-cv-01302-JMC, 2015 WL 3467027, at *4 (D.S.C. June 2, 2015) (unpublished) (dismissing negligent supervision claim where plaintiffs failed to "provide sufficient facts that could lead to the reasonable inference that Defendant knew or should have known that they needed to supervise [the employee]"); Henderson v. United States, No. 5:21-cv-3249-JD-KDW, 2022 WL 4354370,

---

[1] Plaintiff's claims for negligent supervision and negligent training are analyzed as one. Holcombe v. Helena Chem. Co., 238 F. Supp. 767, 772 (D.S.C. 2017) ("[N]egligent training is merely a specific negligent supervision theory by another name.").

3

at *4 (D.S.C. Sept. 20, 2022) (unpublished) (same).  Moreover, the complaint fails to plausibly allege that the manager or any other Wal-Mart employee intentionally harmed Baker.  See J.R. v. Walgreens Boot All., Inc., No. 20-1767, 2021 WL 4859603, at *7 (4th Cir. Oct. 19, 2021) (unpublished) (affirming dismissal of negligent supervision claim where there was "no allegation of any *intentional* conduct on the part of any Walgreens employee" (emphasis in original)); Bandell v. Sonoco Prods. Co., No. 4:19-cv-03447-DCC-KDW, 2020 WL 6778850, at *5 (D.S.C. Nov. 18, 2020) (unpublished) (dismissing negligent supervision claim where complained-of "actions were not negligent, let alone intentionally wrongful"); Davy v. Duke Energy Carolinas, LLC, No. 7:15-cv-4927-MGL, 2016 WL 852696, at *3 (D.S.C. Mar. 4, 2016) (unpublished) (dismissing negligent supervision claim where plaintiffs failed to adequately allege intentional harm).  Finally, Plaintiff's negligent supervision claim fails because the complaint contains no allegations that the manager was acting outside the scope of employment when Baker was injured.  See Degenhart, 420 S.E.2d at 496; Restatement (Second) of Torts § 317 cmt. a (Am. Law Inst. 1965).

For these reasons, Plaintiff's negligent supervision claim against Wal-Mart is dismissed.

### B. Negligent Hiring/Retention

"In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring [or retaining] the employee . . . ."  James v. Kelly Trucking Co., 661 S.E.2d 329, 331 (S.C. 2008).  Negligent hiring and retention claims "generally turn on two fundamental elements – knowledge of the employer and foreseeability of harm to

third parties."[2] Doe v. ATC, Inc., 624 S.E.2d 447, 450 (S.C. Ct. App. 2005). "From a practical standpoint, these elements are analyzed in terms of the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused." Id.

Plaintiff's negligent hiring and retention claims fail for the same reason that its negligent supervision claim fails: there are no nonconclusory allegations that Wal-Mart actually or constructively knew that "its employment of [John Doe] created an undue risk of harm to the public." Kelly Trucking Co., 661 S.E.2d at 631; ATC, Inc., 624 S.E.2d at 450-51 ("The standard . . . is whether the employer knew the offending employee was 'in the habit of misconducting [himself] in a manner dangerous to others.'" (quoting Restatement (Second) of Torts § 317 cmt. c (Am. Law Inst. 1965))). Without such allegations, Plaintiff's negligent hiring and retention claims must be dismissed as well.

---

[2] As noted by courts in other jurisdictions, the difference between the two causes of action is largely one of timing. See, e.g., Garcia v. Duffy, 492 So. 2d 435, 438 (Fla. Dist. Ct. App. 1986) ("Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness . . . . Negligent retention, on the other hand, occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness . . . ." (citation omitted)); Anderson v. Soap Lake Sch. Dist., 423 P.3d 197, 206 (Wash. 2018); Yunker v. Honeywell, Inc., 496 N.W.2d 419, 423 (Minn. Ct. App. 1993).

It is therefore

**ORDERED** that Wal-Mart's motion to dismiss, document number 4, is granted.

**IT IS SO ORDERED.**

                                              s/ Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
August 7, 2023